# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:18-cv-00822 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| TONY U. ODIGIE, et al., | ) | HOLMES |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 6), and the Individual Defendants Tony U. Odigie and Julie I. Odigie's Responses to the Motion to Remand. (Doc. Nos. 8, 9). For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff commenced this action in Davidson County Chancery Court, seeking a judicial foreclosure of certain real property. (Doc. No. 1-2). Plaintiff filed suit against all parties claiming an interest in the real property, whether they hold a voluntary lien on the real property or are involuntary judgment creditors.

The Individual Defendants removed the action to this Court on the basis of diversity jurisdiction.[1] (Doc. No. 1). Plaintiff contests the removal, arguing it was improper under 28 U.S.C. § 1441(b)(2) because the Individual Defendants are residents of Tennessee; it was untimely under

---

[1] In their notice of removal and responses to Plaintiff's Motion to Remand, the Individual Defendants refer to a motion to consolidate this case with a related case pending in this Court under Case No. 3:18-cv-00675. As the Magistrate Judge instructed in the Court's September 14, 2018 Order, however, there is no pending motion to consolidate for the Court to consider. Thus, for purposes of this Order, the Court disregards any reference to a motion to consolidate.

28 U.S.C. § 1446(b)(2)(B); and it was improper under 28 U.S.C. § 1446(b)(2)(A) because not all defendants joined or consented to the removal.

## II. ANALYSIS

A civil action may be removed from state court to federal court if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441. The removal statutes, 28 U.S.C. §§ 1441 et seq., are "to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993). The party seeking removal bears the burden of demonstrating the federal court has original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

This Court has original jurisdiction over diversity actions, or those where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). But "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," then the action may not be removed. 28 U.S.C. § 1441(b)(2). This is referred to as the "forum defendant" rule, and "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Gilbert v. Choo-Choo Partners II, LLC*, 2005 WL 1719907, at *1 (E.D. Tenn. July 22, 2005) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003)).

Thus, even when there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Id.*; 28 U.S.C. § 1441(b). If the plaintiff timely objects to a defective removal, then Section 1447(c) directs the district court to remand the case. 28 U.S.C. § 1447(c). *See Southwell v. Summit View of Farragut, LLC*, 494 Fed. Appx. 508, 511

n.2 (6th Cir. 2012) (noting that Section 1441(b)(2) is non-jurisdictional in nature and must be raised by the plaintiff in a motion to remand).

Plaintiff originally filed this action in Tennessee state court, and the Individual Defendants removed it to this Court on the basis of diversity jurisdiction. Plaintiff filed its Motion to Remand within 30 days of the removal, citing the Individual Defendant's failure to comply with Section 1441(b)(2), among other things. In their response to Plaintiff's Motion to Remand, the Individual Defendants do not contest they are both citizens of Tennessee, or argue this case presents a federal question for this Court to consider. Accordingly, because this action was removed on the basis of diversity jurisdiction and because the Individual Defendants are citizens of Tennessee, Section 1441(b)(2) bars removal of the action to this Court and requires that it be remanded to Tennessee state court.[2] Thus, Plaintiff's Motion to Remand to State Court is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants Plaintiff's Motion to Remand on this ground, it is unnecessary to consider Plaintiff's additional arguments in its Motion to Remand.